UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Howard G. Jackson, | Case No. 18-CV-1525 (DWF/HB) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Mark Dayton, Governor of Minnesota, | |
| Defendant. | |

---

This matter is before the Court on the application to proceed *in forma pauperis* ("IFP") of Plaintiff Howard G. Jackson. The Court must consider the IFP application before any other action may be taken in this matter. After review of the IFP application, this Court concludes that Jackson qualifies financially for IFP status.

That said, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 F. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the

factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Jackson alleges that the effect of legal rules established by the State of Minnesota is to shut out persons, such as him, who are self-represented, disabled, or otherwise unable to follow those rules. (*See* Compl. at 4 [Doc. No. 1].) As an initial matter, although Jackson brings this suit against Governor Mark Dayton and alleges that the events at issue in this action took place in "Ramsey County," the exhibits to his complaint are copies of the docket in cases he has previously filed in the United States District Court for the District of Minnesota. That does not change this Court's substantive analysis of Jackson's claims, though it does indicate, in any event, that Dayton is not a proper defendant to this lawsuit.

Turning to the substance of Jackson's claims, it is not clear what specific rules or practices of the judiciary Jackson might have in mind as being discriminatory. That said, certain of the lawsuits referenced by Jackson have been dismissed or recommended for dismissal, either wholly or in part, for failure to state a claim on which relief may be granted, or for naming an improper defendant as a party. *See Jackson v. Ossell*, No. 17-

CV-5483 (JRT/BRT). To the extent that Jackson objects to those dismissals as improper, this is not the appropriate place in which to do so; Jackson may object to any recommendation of dismissal in the matter in which that recommendation is made, and he may appeal any order of dismissal entered in this District to the Eighth Circuit Court of Appeals.

Leaving that aside, the Eighth Circuit has been clear that although pro se litigants are entitled to lenience in certain respects, "they still must allege sufficient facts to support the claims advanced." *Stone*, 364 F.3d 912, 914 (8th Cir. 2004). This pleading requirement is not onerous. The Federal Rules of Civil Procedure require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

This Court understands that the process of navigating the courts can be frustrating for a person not trained in the law, especially if that person is also otherwise impaired. Nevertheless, Jackson has failed to allege that anyone, much less defendant Dayton, violated the law in any respect. It is therefore recommended that this matter be dismissed. Because amendment of Jackson's complaint is likely to prove futile in this matter, it is recommended that the dismissal be effected with prejudice.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

2. The application to proceed *in forma pauperis* of Plaintiff Howard G. Jackson [Doc. No. 2] be **DENIED**.

Dated: June 18, 2018   s/ *Hildy Bowbeer*
Hildy Bowbeer
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).